IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 1:24–CR–00017 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE DONALD C. NUGENT |
| v. ) | |
| ) | |
| ZUBAIR AL ZUBAIR, ET AL. ) | <u>Memorandum Opinion and Order</u> |
| ) | |
| Defendant. ) | |

    This matter is before the Court on Defendants Muzzammil Muhammad Al Zubair and Zubair Mehmet Abdur Razzaq Al Zubair's *Joint Motion for Order Clarifying Permission to Seek Voluntary Interview of Potential Witnesses* (ECF #175) filed on December 22, 2025. On December 29, 2025, the Government opposed the Motion and suggested alternative relief that would permit Defendants to contact potential witnesses and victims through their standby counsel. (ECF #178). For the reasons that follow, Defendants' Motion is DENIED, and the Court grants the alternative relief proposed by the Government in its Opposition.

    As stated in their motion, "Defendants seek to conduct voluntary interviews where possible to identify relevant facts, documents, and potential testimony." (ECF #175, p.1). Defendants indicate they may want to interview "alleged victims, company representatives, and other business persons referenced in the discovery materials." (*Id*. at p.2). Defendants request, however, directly conflicts with Zubair Mehmet Abdur Razzaq Al Zubair's terms of release,

which required him to "avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution." (ECF #11, *Order Setting Conditions of Release*, p.2 ¶ (7)(g)). Muzzammil Muhammad Al Zubair was subject to an identical restriction. (ECF #13, *Order Setting Conditions of Release*, p.2 ¶ (7)(g)). In addition, the Court previously granted the Government's motion preventing each Defendant from pursuing the cases they filed in state court against potential government witnesses. (ECF 91, *Marginal Entry Order Granting the Government's ECF 89 Motion for Protective Order*).

Although they are not constitutionally entitled to interview witnesses before trial, they can try, and the witness retains the right to decline the interview. In this case, however, given the Defendants' prior conduct their actions in state court, Defendants are permitted to contact individuals associated with the case only through their standby counsel. Accordingly, Defendants' Motion (ECF #175) is DENIED.

    IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: December 30, 2025