IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:24 CV 17 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| ZUBAIR MEHMET ABDUR RAZZAQ | ) | |
| AL ZUBAIR, AND MUZZAMMIL | ) | |
| MUHAMMAD AL ZUBAIR, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

This matter is before the Court on Defendants, Zubair Mehmet Abdur Razzaq Al Zubair, and Muzzammil Muhammad Al Zubair's Motions for Release Pending Sentencing and Request for Bond Hearing.  (ECF #249, 250).  The Government filed combined Responses in opposition to both motions, and the Defendants filed a joint Reply in support of their motions. (ECF #261, 262, 264).  For the reasons that follow, Defendants' motions are denied.

## BACKGROUND

Following a more than two-week long trial, Defendants were convicted of orchestrating an extensive fraud and bribery scheme causing millions of dollars in losses.  They were found guilty of multiple counts of conspiracy to commit wire fraud, wire fraud, money laundering conspiracy, money laundering, theft of government funds, conspiracy to commit bribery, conspiracy to commit honest services wire fraud, Hobbs Act conspiracy, and aiding and assisting in the preparation of false tax returns.  Defendant Zubair Al Zubair was also found guilty of

willful failure to file tax returns. They each face up to 20 years imprisonment on each of their most serious charges. Sentencing is scheduled for May 5, 2026.

## APPLICABLE LAW

Pursuant to Section 3143(a) the Bail Reform Act of 1984, a defendant who has been found guilty and is awaiting imposition or execution of their sentence, shall be detained unless the trial court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released. The statute creates a presumption against post-conviction release. *See, United States v. Vance*, 851 F.2d 166, 169-70 (6th Cir. 1988). To overcome this presumption of detention, the defendant bears the burden of proof to establish by clear and convincing evidence that they are neither a flight danger, nor a danger to the community. Fed. R. Crim. Pro. 46(c); see also, *Vance* (citing *United States v. Pollard*, 778 F.2d 1177, 1181 (6th Cir. 1985)).

## ANALYSIS

The government argues that release is not warranted because the Defendants are a flight risk. The Court agrees. The deceptive nature of the crimes at issue, as well as the particular circumstances of the crimes committed demonstrate the Defendants' lack of trustworthiness and their lack of ability or inclination to follow lawfully imposed constraints and conditions. In addition, the severity of the potential penalties provides a much greater incentive to flee than was present to prior to the determination of guilt. *See, United States v. Haley*, No. 24-6078, 2025 U.S. App. Lexis 4786, *1 (6th Cir. Feb. 27, 2025)(unpublished)("the specter of a lengthy prison sentence is 'a powerful incentive to flee that did not exist pre-trial'" *(citing United States v. Londono-Villa*, 898 F.2d 328, 329 (2d Cir. 1990))). Not only do these factors weight in favor of finding the Defendants to be a flight risk, but the evidence presented at trial established that they

have extensive foreign ties and experience with global travel. They also have potential access to funds that would make flight a real possibility.  Defendants have failed to provide the Court with complete and accurate financial information.  When seeking court appointed representation, they filed incomplete and inaccurate affidavits, and they failed to correct or complete their financial information when seeking to proceed in *forma pauperis* post-trial.   The declarations attached to their Reply brief do not rectify this failure and are insufficient to prove by clear and convincing evidence that they do not have access to any assets that could be used to aid them in fleeing. Defendants' demonstrated tendency toward deception and avoidance of legal restrictions, particularly when paired with the severe penalties they are now facing at sentencing, overrides the scant evidence they have proffered, and precludes them from being able to establish by clear and convincing evidence that they are not a flight risk.

## CONCLUSION

For all of the reasons set forth above, the Court finds that Defendants have not met their burden of proving by clear and convincing evidence that they are not flight risk or a danger to the community, as would be required for pre-sentencing release under 18 U.S.C. § 3143(a). Defendants' Motions for Release Pending Appeal are, therefore, DENIED.  (ECF #249, 250).  IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: _March 3, 2026_