IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.   1:24 CR 17 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| ZUBAIR MEHMET ABDUR RAZZAQ | ) | |
| AL ZUBAIR, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

This matter is before the Court on Defendant, Zubair Mehmet Abdur Razzaq Al Zubair's Emergency Motion for Temporary release to Address Family Emergency. (ECF #287).  Mr. Zubair seeks temporary release to allow him to travel out of country to the United Arab Emirates, city of Dubai,  to "secure the safety of his minor children, and return with them to the United States."

Pursuant to Section 3143(a) the Bail Reform Act of 1984, a defendant who has been found guilty and is awaiting imposition or execution of their sentence, shall be detained unless the trial court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.  The statute creates a presumption against post-conviction release.  *See, United States v. Vance*, 851 F.2d 166, 169-70 (6th Cir. 1988).  To overcome this presumption of detention, the defendant bears the burden of proof to establish by clear and convincing evidence that they are neither a flight danger, nor a danger to the community.  Fed. R. Crim. Pro. 46(c); see also, *Vance* (citing *United States v.*

*Pollard*, 778 F.2d 1177, 1181 (6th Cir. 1985)).

This Court previously denied Mr. Zubair's request for bond pending sentencing, finding that he had not shown by clear and convincing evidence that he was not a flight risk. Allowing him to leave the country to travel to the United Arab Emirates, a place that is tied to much of the criminal activity in this case, and where he has significant personal connections, does nothing to reduce the risk that he might choose to flee this jurisdiction rather than face up to a twenty year sentence. Defendants were convicted of orchestrating an extensive fraud and bribery scheme causing millions of dollars in losses. They were found guilty of multiple counts of conspiracy to commit wire fraud, wire fraud, money laundering conspiracy, money laundering, theft of government funds, conspiracy to commit bribery, conspiracy to commit honest services wire fraud, Hobbs Act conspiracy, and aiding and assisting in the preparation of false tax returns. As previously stated, the deceptive nature of the crimes at issue, as well as the particular circumstances of the crimes committed, demonstrate the Defendants' lack of trustworthiness and their lack of ability or inclination to follow lawfully imposed constraints and conditions. In addition, the severity of the potential penalties provides a much greater incentive to flee than was present to prior to the determination of guilt. *See, United States v. Haley*, No. 24-6078, 2025 U.S. App. Lexis 4786, *1 (6th Cir. Feb. 27, 2025)(unpublished)("the specter of a lengthy prison sentence is 'a powerful incentive to flee that did not exist pre-trial'" *(citing United States v. Londono-Villa*, 898 F.2d 328, 329 (2d Cir. 1990))).

The Court sympathizes with Mr. Zubair's concern for the safety of his family. However, these concerns cannot override the presumption of custody that exists in this case, or the very real risk of flight should he be allowed to leave the country. Further, the record has shown that Mr. Zubair has a wife who is caring for his children, and that both of her parents are still living.

Therefore, there are other family members who should be able to assist with these concerns if his children are truly at risk.

Defendants' Motion for Emergency release is, therefore, DENIED.  (ECF #287).  IT IS SO ORDERED.


DONALD C. NUGENT
United States District Judge


DATED:  April 1, 2026