UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| Plaintiff, | ) | |
| | ) | CASE NO.: 1:24 CR 17 |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |
| ZUBAIR MEHMET ABDUR RAZZAQ | ) | |
| AL ZUBAIR, AND | ) | |
| MUZZAMMIL MUHAMMAD | ) | |
| AL ZUBAIR, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants, Zubair Mehmet Abdur Razzaq Al Zubair, and Muzzammil Muhammad Al Zubair's Motions for New Trial  for Judgment of Acquittal, pursuant to Fed. R. Crim. P. 33.  (ECF #265, 267).  The motions are identical except in name.  The Government filed a Response in Opposition to these Motions, and the Defendants filed a joint Reply. (ECF #281, 286).

As a preliminary matter, the Court notes that the original motions were filed outside of the fourteen day window established by Fed. R. Crim. P. 33(b)(2), however, the Defendants demonstrated excusable neglect sufficient to justify their late filing under Fed. R. Crim P. 45(b)(1)(B).  The government does not contest that excusable neglect caused the delays or that the Court was justified in permitting the late filing.  However, the Zubairs later filing of a joint Supplement on April 20, 2026, (ECF #291), was also filed out of time, and there is no reason why

the information contained, therein, could not have been raised in the original motions for new trial. All of the issues raised in the Supplement stem from testimony that was provided in court during the Zubairs' trial, or was included in the Zubairs' Motion to Suppress. Thus, none of these issues rely on newly discovered evidence, and there is no reason these issues could not have been raised within the permitted fourteen day window under Rule 33, or, at the latest, within the Zubairs' original motions for New Trial filed on March 2, 2026. Although the time constraints in Rule 33 are claim -processing rules and not jurisdictional, they are intended to be "inflexible because of Rule 45(b)'s insistent demand for a definite end to proceedings." *Eberhart v. United States*, 546 U.S. 12, 19 (2005). They are, therefore, subject to extension only under the specific applicable provisions of Rule 45. Because the Zubairs have not met the criteria for extension under Rule 45, with respect to their Supplemental Motion for New Trial, that motion is dismissed as untimely. (ECF #291).

## **PROCEDURAL HISTORY**

Zubair Al Zubair and Muzzammil Al Zubair were each charged with multiple counts of conspiracy, fraud, money laundering, preparation of false tax returns, theft of government funds, bribery, and extortion under color of official right. Zubair Al Zubair also faced charges of harboring a fugitive and willful failure to file a tax return. (ECF #52). The allegations in the superceding indictment centered around multiple schemes involving investment fraud, cryptocurrency mining, real estate transactions, misusing and theft of resources from the Small Business Administration, money laundering, bribery, tax offenses, and harboring a federal fugitive. At the original arrraignment, Zubair Al Zubair received appointed counsel and Muzzammil Al Zubair proceeded with retained counsel. In March of 2024, Zubair Al Zubair obtained retained

counsel. (ECF #27). In April, Muzzammil Al Zubair's counsel sought and were granted permission to withdraw as retained counsel and were re-appointed as Criminal Justice Act ("CJA")) counsel. (ECF #37). In February of 2025, just before the superceding indictment was filed, counsel for both Defendants sought permission to withdraw. (ECF #50, 51). The Court granted the motions to withdraw and appointed multiple new counsel for both Defendants. (ECF #63, 66). In June of 2025, both Defendants requested that they be allowed to represent themselves going forward. The Court granted the request in July of 2025, while retaining stand-by counsel for each Defendant. (ECF #82, 92).

A jury trial began on January 12, 2026. Trial lasted for twelve days, and the jury deliberated an additional day. The government presented thirty-five witnesses and 324 admitted exhibits. Defendants called no witnesses, presented no exhibits, and chose not to testify. The jury found Defendants guilty on all counts, except they found Zubair Al Zubair not guilty of Count 22, harboring a fugitive, and found Muzzammil Al Zubair not guilty of Count 13, money laundering. (ECF #240).

## LEGAL STANDARD

Federal Rule of Criminal Procedure 33(a) states that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." The rule does not define "interest of justice," however, it is well accepted that a new trial should generally not be granted for "any error that is considered harmless under Fe. R. Cirm. P. 52." *See, e.g., United States v. Eby*, No. 1:20-cr-187, 2024 Wl 3584498, at *5 (N.D. Ohio Jul. 30, 2024).[1] The

---

[1]

The harmless error standard is not applied in the Sixth Circuit if there has been a structural error which affects the framework in which the trial proceeds, rendering the

Sixth Circuit has often found that within the context of Rule 33, a jury verdict should only be vacated "in the extraordinary circumstances where the evidence preponderates heavily against the verdict." *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988); *see also, United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010)(finding "the paradigmatic use of a Rule 33 motion is to seek a new trial on the ground that 'the [hury's] verdict was against the manifest weight of the evidence.'"(quotations omitted)).  There are, however, other grounds that could satisfy the "interest of justice" standard if a substantial legal error has occurred.  *United States v. Munoz*, 605 F.3d359, 373 (6th Cir. 2010).

Rule 33 motions are disfavored and must meet a high standard.  See, *United States v. Willis*, 257 F.3d 636, 642 (6th Cir. 2001).  The burden of proving the need for a new trial rests on the defendant[s] and "should be granted sparingly and with caution." *United States v. Turner*, 995 F.2d 1357, 1364 (6th Cir. 1993); *see also, United States v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994). Further, a defendant cannot meet their burden when presenting only conclusory statements or bare bones arguments.  "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court put flesh on its bones." *El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009)(quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)).

---

trial an "unreliable vehicle for determining guilt or innocence." 'United States v. Maund, 2026 U.S. App. LEXIS 5324 1, *14 (6th Cir., Feb. 23, 2026)(quoting *Washington v. Recuenco*, 548 U.S. 212, 218-219 (2006)).  Structural errors are exceedingly rare, and have not been argued in this case.  The Zubairs raise errors related primarily to discovery and evidentiary rulings which, even if true, would not rise to the level of structural defects.

4

## ANALYSIS

The Zubairs list thirteen categories of alleged errors that they claim, taken together, prevented them from receiving a fair trial. (ECF #265).

### A. Removal of Indigency Status/Cancelled Subpoenas

Defendants claim that their subpoenas were cancelled because the Court revoked their indigency status mid-trial, and this prevented them from presenting defense witnesses. To be clear, the Court did not fully eliminate their status as indigent defendants as they were able to keep their court-appointed back-up counsel for the duration of the trial. Rather, the Court found that the Zubairs had not made a satisfactory showing that they were unable to pay the costs of a subpoena, pursuant to Fed. R. Crim. P. 17(b) . *See also, United States v. Binder*, 794 F.2d 1195, 1202 (5th Cir. 1986). The burden of proving indigency for purposes of Fed. R. Crim. P. 17(b) lies with the defendant. *United States v. Salemme*, 985 F.Supp. 197, 201 (D. Mass. 1997). To fulfill that burden, a defendant must provide the court with sufficient accurate information to make a meaningful determination of the defendant's eligibility for assistance under the rule. *Id.*

Because the Zubairs did not provide complete and accurate information in their affidavits, they did not meet their burden of establishing that they were unable to bear the costs of issuing subpoenas. The Court's ruling did not preclude them from issuing subpoenas or from otherwise presenting witnesses, it merely required them to provide more complete and accurate information to satisfy Fed. R. Crim. P. 17(b), or pay for the costs of the subpoenas themselves. The Zubairs chose not to do either.

Further, in their motions, the Zubairs have not claimed that they were, in fact, unable to afford to issue subpoenas; have not identified any particular witnesses that they would have chosen

5

to subpoena and present as witnesses at the trial; and, have not indicated what testimony those witnesses would have been expected to provide or how that would have changed the outcome of their case. The arguments made by the Zubairs in their motion do not explain how the Court's ruling actually affected the outcome of their trial, nor do they provide sufficient information to allow the Court to conduct a harmless error analysis. "It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court put flesh on its bones." *El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009)(quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)). In short, the Zubairs have not established that the Court's ruling precluding application of Fed. R. Crim. P. 17(b) compromised the interests of justice or otherwise affected the outcome of their trial.

### B. Failure to Issue Written Orders

The Zubairs were not prejudiced in any way by the Court's oral pronouncement of its decision denying application of Fed. R. Crim P. 17(b). There is not requirement that such decisions be made in writing. The Court made findings on the record in the presence of the Zubairs, explaining that the affidavits they had provided were incomplete and that the information provided did not adequately demonstrate an inability to pay the subpoena fees. (ECF # 275, PageID 4242). Defendants make no showing that the lack of a written decision on this matter prejudiced them in any way, or otherwise affected the fairness of their trial.

### C. Order of Federal Agent Testimony

The Zubairs complain that they were not allowed to re-call government agents during their case in chief. The Zubairs were able to fully cross-examine these agents during the prosecution's case-in-chief. There is no allegation that they were unable to question the agents on all relevant

6

issues, or otherwise test the testimony they provided on behalf of the government. Further, the Zubairs did not attempt to re-call the agents when the prosecution had finished its case. At the close of the prosecution's case in chief, when asked if they had any witnesses they wished to call, the Zubairs stated that they did not. (ECF #276, PageID 4264).

Due to the length of the trial, the Court exercised its right and duty to manage the presentation of testimony in accordance with Fed. R. Evid. 611(a). Rule 611(a) provides that the Court "should exercise reasonable control over the mode and order of examining witnesses and presenting evidence" with the aim of: (i) making "those procedures effective for determining the truth;" (ii) "avoid[ing] wasting time;" and, (iii) "protect[ing] witnesses from harassment or undue embarrassment." Exercising this authority, the Court required Defendants to question law enforcement agents while they were still on the stand during the presentation of the the government's case. This prevented the need to bring agents back into Court on multiple days, with an uncertain schedule, and allowed the jury to hear all relevant testimony from the same witness at the same time rather than re-visiting issues days or potentially weeks later.

The Zubairs have not identified any questions that they were unable to ask the agents during the government's case that would have been relevant to the issues being tried. They, therefore, have not established any prejudice arising from the Court's management over the order of testimony, or any other ruling related to the testimony of the government agents. Nothing in the order of the presentation of testimony impacted the interests of justice or otherwise negatively affected the fairness of the trial.

D. Exclusion of Willfulness Evidence

Defendants both claim that they were prevented from introducing evidence countering the

element of intent necessary for a conviction on "tax evasion" and "false return" offenses under 26 U.S.C. §§7201 and 7206, and defending against the charge of failing to file a tax return. As a preliminary matter, neither Defendant was charged with tax evasion, and only Zubair Al Zubair was charged with willful failure to file a tax return. That said, neither Defendant identified any ruling or other point in the trial when they were prevented from offering evidence related to these charges. Defendants claim that (presumably) Zubair Al Zubair was prevented from presenting evidence that he had filed a tax return and that he had an explanation for his delay in filing. They also claim that there was an affidavit from Mr. Zubair's accountant showing good faith reliance on the accountant in relation to that filing.

It is true that none of this evidence was presented to the jury during the trial, however, the Zubairs were not prevented from introducing it, rather they never tried to have it introduced. They did not call any witnesses to address this issue, did not present any documents to address this issue, and did not chose to testify regarding this issue. They do not identify any instance where the Court prevented them from doing any of these things. When it came time to present their case in chief, both Defendants indicated they did not have any evidence to present. (ECF #276, PageID 4264). Defendants cannot obtain a new trial under Fed. R. Crim. P. 33 when they simply fail to present allegedly relevant evidence at their own trial.

E. Corrupted Discovery Materials/Flash Drive

The Zubairs claim that they received unusable discovery, specifically that flash drives provided to them after they decided to proceed pro se were corrupted and could not be accessed until trial was already underway. Prior to August 1, 2025, full discovery had been provided to the Zubairs' attorneys. On August 1, 2025, after the Zubairs decided to represent themselves, that

8

discovery was provided directly to the Zubairs by means of a thumb drive. The discovery was accompanied by a cover letter and file list which provided information on the scope, scale, and relative importance of the materials contained on the thumb drive. The information on the thumb drive was the same discovery that had previously been provided to their stand-by attorneys. The Zubairs do not indicate whether they sought or otherwise received copies of the discovery contained on the thumb drive from their standby attorneys either before or after they decided to proceed pro se. However, the records indicates that they did, indeed, have access to materials that were contained on the thumb drive as they referenced this discovery in prior court filings. (See, e.g., ECF #89, PageID 425; ECF #104, PageID 603-37; ECF #109, PageID 800-847).

Although the Zubairs acknowledge that the government had been responsive to other questions and discovery issues they raised during pre-trial proceedings, at no time prior to trial did the Zubairs inform the government or the Court that the thumb drive was corrupted. The Zubairs first mentioned the corruption of the thumb drive on January 12, 2026, the morning of jury selection. They did not request a continuance. Failing to take any action to correct this issue prior to trial, or to request a continuance at the start of trial, the Zubairs have waived any argument of prejudice. *See, United States v. Holloway*, 740 F.2d 1373, 1381 (6th Cir. 1984)(where defendant did not request continuance after late disclosure of evidence, the timing of disclosure did not prejudice the defendant); *United States v. Robinson*, 272 F.App'x. 421, 435 (6th Cir. 2007)(failure to request continuance to advance discovery resulted in finding of no prejudice).

The Defendants did not exercise due diligence in seeking to correct this discovery issue before trial. They also do not explicitly claim that they did not have access to this information through other means. Having full access to the discovery information now, they further fail to

explain how their lack of ability to access this information through the thumb drive prejudiced their defense. They do not cite to any specific evidence or witness that would have aided them in their cross-examination, would have led them to introduce evidence in their case in chief, or would otherwise have altered the outcome of their trial. Thus, even if they had not waived this argument, they have not demonstrated any actual prejudice.

### F. Order of Defense Testimony/Shawn Hare

Defendants arguments regarding FBI Special Agent Shawn Hare's testimony and cross-examination is substantially the same argument made in section C above, and it fails for the same reasons. The Court has the authority and the duty to manage the order and mode of presentation of testimony to ensure the efficient presentation of testimony pursuant to Fed. R. Evid. 611(a). The Court exercised this authority in a reasonable manner and the Zubairs have offered no evidence of prejudice resulting from the Court's orders.

### G. Exclusion of Defense Exhibits

The Zubairs make a blanket accusation that they were prevented from showing or using exhibits during cross-examination. They do not identify which exhibits they were allegedly prevented from using or explain why those exhibits should have been admitted. They do not identify any specific ruling by the Court that was erroneous. This argument is nothing but a conclusory, bare bones claim that fails to meet the Defendants' burden of showing substantial error or some fundamental unfairness in the trial of their case. See, *El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009)(quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)).

### H. Admission of Unauthenticated Evidence

The Zubairs assert that the Court allowed the government to offer unauthenticated digital

messages as evidence, and prevented them from countering the validity of those messages. They do not provide reference to any specific message or other piece of evidence that they believe was improperly admitted, nor to the point to any specific instance when they were allegedly prevented from addressing such evidence.

The government did present text messages and emails obtained from multiple sources during trial, however, those materials were authenticated in multiple ways. Emails obtained through the service provider were self-authenticating business records, and were introduced with certification pursuant to Fed. R. Evid. 902(11), following appropriate notice. They also included other identifying characteristics including address, names, timing and verifiable content. "Authentication is a 'relatively low hurdle,' and may be proved through a variety of methods, including circumstantial evidence." *United States v. Quintana*, 763 F.App'x 422, 426 (6th Cir. 2019)(citations omitted).

Communications which were obtained from electronic devices were authenticated through the testimony of FBI CART examiners who collected the devices, extracted or imaged the data, and generated reports. Their testimony included information verifying the chain of custody for the devices. This data was further authenticated circumstantially through identifying characteristics, including but not limited to account numbers, user Ids, content, timing, and context, in satisfaction of the Fed. R. Evid. 901(b)(4) requirements. Witness emails and text messages were authenticated by the witnesses' testimony, which is sufficient under Fed. R. Evid. 901(b)(1). *See, Dayton Veterans Residences Ltd. P'ship v. Dayton Metro. Hous. Auth.*, No. 22-3935, 2023 WL 8081677, at *9 (6th Cir. Nov. 21, 2023). The Zubairs have not identified any evidence that was admitted without proper authentication, and, therefore, have failed to show any error, let alone one that

11

would warrant a new trial.

I.  Admission of Hearsay

The Zubairs argue that FBI Special Agent Gary Sukowatey improperly testified about affidavits made by FBI Special Agent Michael Mitchell.  No affidavits authored by Special Agent Mitchell were introduced into evidence, and Special Agent Sukowatey did not testify about the contents of any affidavits, let alone any affidavit made by Special Agent Mitchell.  The Zubairs are mistaken in their characterization of Special Agent Mitchell's testimony.  The record does not support this argument, and does not reveal any related errors during the trial.

J.  Improper Jury Instructions

The Zubairs assert that the jury instructions were incorrect.  They did not object to the jury instructions during the trial when given the opportunity to do so.  (ECF #278, PageID 4277).  Therefore, this argument is waived.  Further, the Zubairs do not identify any specific instruction that was improper or incorrect.  Thus, even if the argument had not been waived, it is conclusory and without any factual or legal support.

K.  Insufficient Evidence

Defendants have raised the question whether the evidence in this case was sufficient to support the jury's verdict.  That question implicates Fed. R. Crim. P. 29, which governs motions for judgment of aquittal.  Whether the Court views this question under Rule 29 or Rule 33, the Zubairs have not shown that they are entitled to acquittal or to a new trial.  Under Rule 29, the Court cannot not weigh the credibility of the evidence or the relative volume of evidence presented by each side.  Rather, the Court must assume the truth of the evidence presented by the government, and give it the benefit of all inferences that can reasonably be drawn from that

evidence. *United States v. Overmyer*, 867 F.2d 937, 939 (6th Cir. 1989). Under Rule 33, a slightly less stringent standard, a jury verdict should only be vacated "in the extraordinary circumstances where the evidence preponderates heavily against the verdict." *Ashworth*, 836 F.2d at 266.

Defendants fail to meet either burden. Once again, the Zubairs offer nothing but generalized complaints and conclusory statements without reference to any actual evidence admitted at trial. They make no effort to actually show why they believe the evidence was insufficient to support the verdict, or to match the evidence with the elements charged against them. A review of the transcript clearly shows that the government presented more than sufficient evidence to prove every element of every count on which the jury found the Defendants guilty. Therefore, whether under the Rule 29 standard, or the Rule 33 standard, the Zubairs have failed to demonstrate that the verdict was against the manifest weight of the evidence in this case.

L. Inability to Address Issues before the Court

The Zubairs state generally that they were prevented from raising and resolving trial related issues because the Court refused to hear them before trial, but later, at trial, told them that they should have been resolved prior to trial. They claim that this effectively deprived them of the ability to address these issues at all. They do not, however, identify any specific issue that was raised and not resolved at the proper time. They offer only the above conclusory statement, without describing the questions at issue, or identifying how the resolution of these issues would have affected the fairness of the trial, or its outcome. As noted multiple times above, "[i]t is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court put flesh on its bones." *El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009)(quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)). This argument does not support the Zubairs'

13

request for a new trial.

    M.  Evidentiary Decisions Favored Prosecution

    Finally, the Zubairs make a perfunctory argument that the government was allowed to introduce inadmissible evidence, while they were precluded from admitting exhibits and evidence to rebut or contextualize the government's evidence. Once again, they cite no actual evidence that they contend was inadmissible, and cite no exhibit or other evidence that they were precluded from presenting. The Zubairs may have been blocked from offering evidence that was irrelevant or otherwise inadmissible under the Rules of Evidence. However, they were not prevented from introducing legally admissible evidence. The fact that the Zubairs chose not to put on a case in chief was their own decision. The Court did not prevent them from going forward and presenting evidence to support their defense. As they have cited to no specific ruling of the Court that was in error and have referenced no actual evidence that was improperly admitted or precluded, they have not established any error that would support their request for a new trial.

### CONCLUSION

    For the reasons set forth above, the Court finds that the Defendants have failed to establish any error that would support their request for a new trial. Defendants' Motions for New Trial are without merit and are, therefore, DENIED. (ECF #281, 286). IT IS SO ORDERED.

 

 

_____
DONALD C. NUGENT
United States District Judge

DATED: _May 1, 2026_

14